

**SO ORDERED,**

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

The Order of the Court is set forth below. The case docket reflects the date entered.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

IN RE: LISA SEWARD                                                      CHAPTER 7

DEBTOR                                                                            CASE NO. 18-11395 JDW

## ORDER AVOIDING JUDICIAL LIEN

THIS MATTER came before the Court on the motion of Debtor's Motion to Avoid Judicial Lien of **First Heritage Credit** (the "Creditor") pursuant to 11 U.S.C. § 522 (f) and Federal Rules of Bankruptcy Procedure 4003(d) and 9014 (the "Motion")(Dkt 9). The Debtor has represented to the Court that all parties in interest were timely served with the Motion, and no party has objected to the relief requested in the Motion by the deadline set by the Court. Based on the Debtor's representations, the Court finds and concludes as follows:

1. The Debtor exempted her homestead real property, as well as certain personal property, all as listed on Scheduled C filed by the Debtor's in this bankruptcy case.

2. The Creditor recorded a judicial lien against Debtor's property on August 3, 2017, as follows:

> **Location of Judgment Rolls: Justice Court of Desoto County, MS**
> **Case Number: 1072120**
> **Date of Rendition: August 3, 2017**

        **Amount: $3,564.00**
        **UCC Filing No: 20151852120A**

3.    The Existence of the Creditor's lien against the Debtor's property impairs exemptions to which the Debtor would be entitled under Title 85, Chapter 3 of the Mississippi Code and 11 U.S.C. § 522(d).  Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that

1.    The Motion it **GRANTED**.

2.    To the extend the Debtors's exemptions, the judicial lien held by the Creditor as set forth is **AVOIDED** and shall not survive bankruptcy, affix to, or remain enforceable against the Debtor's exempt property, unless the case is dismissed prior to the entry of the Debtor's discharge.

3.    A copy of the Order of Discharge is to accompany any recordation of this Order.

4.    To the extend the Creditor's lien has been avoided, the Creditor shall be treated as a general unsecured creditor in this case.

#ENDOFORDER#

**SUBMITTED BY:**

**KAREN B. SCHNELLER, MSB 6558**
**ALLEN CHERN LAW, LLC**
**126 NORTH SPRING STREET**
**POST OFFICE BOX 417**
**HOLLY SPRINGS, MISSISSIPPI 38635**
**(662) 252-3224/karen.schneller@gmail.com**
**ATTORNEY FOR DEBTOR**